IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENERGY POLICY ADVOCATES <br> 170 S. Lincoln St., Ste. 150 <br> Spokane, WA 99201 <br>         Plaintiff, <br> v. <br> <br> ENVIRONMENTAL PROTECTION AGENCY <br> Environmental Protection Agency <br> 1200 Pennsylvania Avenue N.W. <br> Mail Code 2310A <br> Washington, DC 20460 <br> <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Case No. 22-298 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff ENERGY POLICY ADVOCATES, by and through undersigned counsel, and for its complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under a FOIA request that Energy Policy Advocates submitted to the Environmental Protection Agency on September 28, 2021. In this request, Energy Policy Advocates sought records of two Environmental Protection Agency employees. Although the agency has sent Plaintiff numerous items of correspondence, the Defendant has not provided any of the statutorily-required responses within the deadlines imposed by FOIA, despite specific requests by Plaintiff to provide the statutorily required information; therefore the Defendant has constructively denied the requests.

2) These records are central to a matter of timely, current political and legal deliberations, of great public interest and policy and legal significance. Specifically, the records relate to topics involving the development of National Ambient Air Quality Standards and the

1

Paris Climate Agreement, both of which are topics on which the Biden Administration has taken action which reverse course from the positions taken by the previous administration.

3) On September 28, 2021, Plaintiff requested these records as described through the portal at FOIAonline.gov.

4) Defendant assigned the request tracking number EPA-2021-006794.

5) Defendant granted Plaintiff a waiver of all fees under FOIA by letter dated September 28, 2021.

6) In a letter dated September 30, 2021, the Defendant Environmental Protection Agency stated that the request had been assigned to the "Office of Air Radiation FOIA program" but provided no details about when a further response might be forthcoming, the number of records involved, or what exemptions might allow the agency to withhold any record(s).

7) On October 4, 2021, Defendant denied Plaintiff's request for expedited processing of its request.

8) On January 18, 2022, Plaintiff received its first correspondence from Defendant since the October 4 correspondence described in the previous paragraph. In its January 18 letter, the Agency took the position for the first time that there was an unspecified, not estimated but "voluminous amount of records." The Agency stated that other agencies might have equities in the records, but did not specify what those agencies were or the nature of such equities. Nor did the agency explain what redactions or withholdings it anticipated might apply to the records in question. The Defendant did, however, take it upon itself to state that it could not complete processing the request until May of 2022.

9) Defendant Environmental Protection Agency has not claimed "unusual circumstances" would prohibit it from complying with FOIA's statutory 20-day deadline to provide a substantive response. 5 U.S.C.S. § 552(a)(6)(A)(i).

10) Despite repeated requests by Plaintiff, the USEPA also has failed to provide Plaintiff with the requisite records or a "determination" affirming the agency's processing of Plaintiff's requests at issue in this matter by, e.g., providing an initial determination of the number of responsive records it intends to release or withhold within the 20-day time limit established under 5 U.S.C.S. § 552(a)(6)(A)(i), as also articulated by the D.C. Circuit Court of Appeals in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013). Under *CREW*, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days.

11) Plaintiff attempted, through undersigned counsel, to give the agency an opportunity to remedy its noncompliance with *CREW*. By email dated January 28, 2022, Plaintiff specifically requested that the agency issue a "determination" as defined by the FOIA and as explained by *CREW*.  The agency stated by return email dated February 2, 2022, that it could not state the scope of the records to be produced or withheld. Defendant did nonetheless take the position that "[a]ny documents we have determined to be responsive to your request require interagency consultation".

12) Defendant USEPA's failure to respond to the request in a way that comports with *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013), to include a substantive estimate of how many records are involved and the potential exemptions that might

apply to such records, leads to the inevitable conclusion that Energy Policy Advocates has constructively exhausted all of his administrative remedies, leaving Plaintiff no choice but to file this lawsuit to compel USEPA to comply with the law regarding release of agency records.

13) For these reasons, Plaintiff asks this Court to compel Defendant USEPA to make the statutorily-required "determination" and to release records responsive to Plaintiff's September, 2021 FOIA requests, and an index of any claimed exempt material.

## PARTIES

14) Plaintiff Energy Policy Advocates is a nonprofit corporation under the laws of Washington State. It uses the Freedom of Information Act and similar state statutes to shed light on the activities of government, with a special focus on governmental decisions relating to energy and environmental policy.

15) Defendant Environmental Protection Agency is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

16) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

17) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records at issue are located in Washington, D.C., and Defendant USEPA is a federal agency.

## STATUTORY BACKGROUND

18) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply

with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requester. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

19) 5 U.S.C.S. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Neither apply here, as USEPA did not seek additional information from Plaintiff regarding the requests at issue in this suit.

20) USEPA owed Plaintiff "*CREW*" responses to his requests, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), on or about October 26, 2021. USEPA has provided no substantive response or "determination," as that term is defined in the Freedom of Information Act and as explained by the D.C. Circuit in *CREW v. Federal Election Commission*, 711 F.3d 180, with respect to the request.

21) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies

5

that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

22) USEPA is now past its statutory period for issuing such determinations on the above-described requests without providing any substantive response to Plaintiff's request. Among the consequences of USEPA's violations of the statutory time limits of FOIA, is that USEPA cannot now seek fees. Alternatively and additionally, USEPA is estopped from requesting fees from plaintiff by its letter dated September 28, 2021, in which it stated that it would waive all fees for the instant request.

23) Defendant USEPA is improperly denying Plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

24) Plaintiff re-alleges all of the preceding paragraphs as if fully set out herein.

25) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26) Plaintiff has a statutory right to the information it seeks and that Defendant has unlawfully withheld.

27) Plaintiff is not required to further pursue administrative remedies.

28) Plaintiff asks this Court to enter a judgment declaring that:

    a) Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but USEPA failed to provide them; and that

b) USEPA's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy USEPA's obligations under FOIA; and that

c) USEPA must now produce records responsive to Plaintiff's requests and must do so at no cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

29) Plaintiff re-alleges all of the preceding paragraphs as if fully set out herein.

30) Plaintiff is entitled to injunctive relief compelling USEPA to produce the records responsive to the FOIA requests described in this pleading.

31) Plaintiff asks the Court to enter an injunction ordering USEPA to produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto.

32) Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

33) Plaintiff re-alleges all of the preceding paragraphs as if fully set out herein.

34) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35) This Court should enter an injunction or other appropriate order or judgment requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Energy Policy Advocates requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 4th day of February, 2022

ENERGY POLICY ADVOCATES
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar # 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com