UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES, </br></br>    Plaintiff,</br></br>v.</br></br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,</br></br>    Defendant. | )</br>)</br>)</br>)</br>)</br>)  Civil Action No. 22-298</br>)</br>)</br>)</br>)</br>)</br>) |

## ANSWER

Defendant, the U.S. Environmental Protection Agency ("EPA" or "Agency"), by and through the undersigned counsel, hereby responds to the Corrected Complaint filed by Plaintiff, Energy Policy Advocates, as follows:

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff filed a complaint asserting claims under the Freedom of Information Act ("FOIA") arising from a FOIA request Plaintiff submitted to Defendant. Except for this specific admission, Defendant denies the remaining allegations.

2. Paragraph 2 of the Complaint contains Plaintiff's characterization of the nature and significance of its FOIA request to which no response is required. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegation that is inconsistent with that request.

3. Defendant admits that Plaintiff submitted a FOIA request through the FOIAonline.gov portal on September 28, 2021. Defendant respectfully refers the Court to Plaintiff's FOIA

request for a complete and accurate statement of its contents and denies any allegation that is inconsistent with that request.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that it sent a letter to Plaintiff on September 30, 2021 indicating that Plaintiff's FOIA request had been assigned to EPA's Office of Air and Radiation for processing. Defendant respectfully refers the Court to the September 30, 2021, letter for a complete and accurate statement of its contents and denies any allegation that is inconsistent with that request.

7. The Agency admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that it sent an email to Plaintiff on January 18, 2022, invoking "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B), and that this email provided an estimated date, May 2, 2022, on which it expected to dispatch its determination. Defendant respectfully refers the Court to the January 18, 2022, email for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with the email.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint consists of statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

11. Defendant admits that Plaintiff transmitted an email to Defendant on January 28, 2022, pertaining to its FOIA request and that Defendant replied to Plaintiff's email on February 2, 2022. Defendant respectfully refers the Court to the January 28 and February 2 emails

for a complete and accurate representation of their contents and denies any allegations or characterizations inconsistent with the emails.

12. Paragraph 12 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint. Defendant respectfully refers the Court to Defendant's January 18, 2022, email invoking unusual circumstances and providing Plaintiff with an estimated processing completion date of May 2, 2022.

13. Paragraph 13 of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## PARTIES[1]

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16. Paragraph 16 of the Complaint contains Plaintiff's statements of jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this action subject to the terms and limitations of FOIA.

17. Paragraph 17 of the Complaint contains Plaintiff's statements of venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District subject to the terms and limitations of FOIA.

---

[1] The Agency has replicated herein the headings listed in the Complaint simply to assist in reading the Answer but does not admit the accuracy of those headings. To the extent that the headings may be deemed allegations to which a response is required, such allegations are denied.

## STATUTORY BACKGROUND

18. Paragraph 18 of the Complaint characterizes the FOIA and FOIA cases. Defendant respectfully refers the Court to the cited FOIA provisions and FOIA cases for a complete and accurate representation of their contents and denies any allegations or characterizations inconsistent with the statute or cases.

19. Paragraph 19 of the Complaint consists of legal conclusions and Plaintiff's characterization of the FOIA, to which no response is required. Defendant respectfully refers the Court to the cited FOIA provisions for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with those cited provisions.

20. Paragraph 20 of the Complaint contains legal conclusions and characterizes a D.C. Circuit case, to which no response is required. Defendant respectfully refers the Court to the cited case for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that case.

21. Paragraph 21 of the Complaint characterizes a case from the U.S. District Court for the District of Columbia. Defendant respectfully refers the Court to the cited case for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that case.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Duty to Produce Records – Declaratory Judgment

24. Defendant incorporates by reference its responses to Paragraphs 1 through 23 of the Complaint as if fully set out herein.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Agency denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint, including subparts (a)-(c), characterize Plaintiff's request for relief or contain conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever, and any remaining allegations in Paragraphs 28 of the Complaint are denied.

## SECOND CLAIM FOR RELIEF

### Duty to Produce Records – Injunctive Relief

29. The Agency incorporates by reference its responses to Paragraphs 1 through 28 of the Complaint as if fully set out herein.

30. Paragraph 30 of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Agency denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

31. Paragraph 31 of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Agency denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

32. Paragraph 32 of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Agency denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## THIRD CLAIM FOR RELIEF

### Costs and Fees

33. The Agency incorporates by reference its responses to Paragraphs 1 through 32 of the Complaint as if fully set out herein.

34. Paragraph 34 of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Agency denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

35. Paragraph 35 of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, the Agency denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

The remainder of the complaint in the "Wherefore" clause contains Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

Defendant denies all allegations in the Complaint not expressly admitted herein.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Plaintiff is not entitled to attorneys' fees and costs.

3. The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

4. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: April 4, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _____/s/ Stephen DeGenaro_____
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Attorneys for Defendant*