UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ENERGY POLICY ASSOCIATES, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 22-0298 (TJK) |
| v. | ) ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL UNDISPUTED FACTS**

Pursuant to Local Civil Rule 7(h), Defendants, by and through undersigned counsel, submit this Statement of Material Facts Not in Genuine Dispute in support of their Motion for Summary Judgment.

1. On September 28, 2021, Plaintiff submitted a FOIA request using the Agency's FOIAonline website[1] seeking the following records:

    all electronic correspondence, whether email, text, SMS, etc., and any accompanying information, including also any attachments, a) sent to or from or which copies (whether as cc: or bcc:) i) Campbell.Ann@epa.gov and/or ii) rakosnik.delaney@epa.gov, that b) was also sent to or from or which copies (again, whether as cc: or bcc:) or mentions, anywhere, National Climate Advisor Gina McCarthy (including "Gina" and/or "McCarthy"), that also c) includes, anywhere, the following terms: i) "CO2", ii) "NAAQS", iii) "GHG" (including in "GHGs"), and/or iv) "Paris", and d) is dated January 21, 2021 through the date you process this request, inclusive.

    *See generally* Compl.

2. The Agency assigned Plaintiff's FOIA request tracking number EPA-2021-006794. Declaration of John Shoaff ("Shoaff Decl.").¶ 4.

---

[1] FOIAonline, https://foiaonline.gov/foiaonline/action/public/home (last accessed Jan. 19, 2023)

3. The Agency conducted an initial centralized email search of the identified custodians' Agency email accounts in January 2021. *Id.* ¶ 5.

4. On January 18, 2022, Agency employee Sabrina Hamilton, sent a letter through FOIA online to the Plaintiff's counsel, Mr. Matthew D. Hardin, with the following subject line: "Extension Due to Unusual Circumstances for FOIA Number EPA-2021-006794 to May 2, 2022." *Id.* ¶ 6.

5. Ms. Hardin's letter explained that the Agency's Office of Air and Radiation ("OAR") required additional time to complete its response to Plaintiff's FOIA request in order to conclude inter-Agency review of the identified responsive records. *Id.*

6. Ms. Hamilton further indicated to Mr. Hardin that the Agency anticipated completing its response to Plaintiff's FOIA request by May 2, 2022, if not sooner. *Id.*

7. On March 31, 2022, the Agency produced a total of three documents in response to Plaintiff's FOIA request. *Id.* ¶ 7.

8. The first document produced by the Agency (*Bates Stamp* ED_006414_00000549-00001) was an email transmitted on February 4, 2021, between several Agency employees with the subject line of "WH Power Plant Briefing." This document was released in full. *Id.* ¶ 8.

9. The second document produced by the Agency (*Bates Stamp* ED_006414_00000550-0001 through ED_006414_00000550-0011) is a PowerPoint presentation entitled "Power Sector Strategy: Climate, Public Health, Environmental Justice: The Building Blocks." *Id.* ¶ 9.

10. The PowerPoint was created by Joe Goffman, then-Principal Deputy Assistant Administrator of the Agency's Office of Air and Radiation, along with other Agency

employees, for a February 4, 2021, briefing by Mr. Goffman with Gina McCarthy and Ali Zaidi, then National Climate Advisor and Deputy National Climate Advisor, respectively, in the White House Office of Domestic Climate Policy. *Id.*

11. Dan Utech, Agency Chief of Staff, and Maggie Thomas, employee of the Agency's Office of Domestic Policy were also invited to the meeting. *Id.*

12. The purpose of this meeting was to brief the White House on potential policies and strategies under consideration by Agency decision-makers for regulating power plant pollution and to provide the White House with an opportunity to comment on the direction of the Agency's regulatory strategies for the power sector. *Id.*

13. The Agency withheld certain portions of the February 4, 2021, PowerPoint presentation from Plaintiff because the Agency asserted the text was exempt from disclosure under the deliberative process privilege of Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). *Id.* ¶ 10.

14. The third document produced in the Agency's March 31, 2022, production (*Bates Stamp* ED_006414_00000562-00001 through ED_006414_00000562-00004) is a four-page email chain between several employees of the Executive Branch and certain outside parties. *Id.* ¶ 11.

15. The only information withheld from the third document is one email address that was redacted in three different places in this email chain. All other information in this email chain was released. *Id.*

16. Between March 2022 and December 2022, Plaintiff's counsel requested that Defendant reconsider its withholdings under 5 U.S.C. § 552(b)(5). *Id.* ¶ 12.

17. On June 10, 2022, August 10, 2022, and October 25, 2022, the Agency made

discretionary releases of previously withheld information from the disputed PowerPoint. *Id.*

18. Apart from these discretionary releases, the Agency maintained all other Exemption 5 withholdings in the PowerPoint based on its assertion of the deliberative process privilege. *Id.*

19. In June 2022 and August 2022, the Agency provided Plaintiff an informal *Vaughn* Index explaining its withholdings under the deliberative process privilege recognized under FOIA Exemption 5. *Id.*

20. On October 25, 2022, the Agency released its final updated version of the February 4, 2021, PowerPoint to Plaintiff with Exemption 5 redactions remaining only on pages 3, 5-11. *Id.* ¶ 13.

21. On December 5, 2022, Plaintiff's council emailed Defendant's counsel to provide notice of their intent to challenge the Agency's "claimed deliberative process redactions on pp 3, 5-11 of 11 in the pdf ED_006414_00000550-00005-11 in 'ED_006414_00000550_Formal_RWR – August 5, 2022 Release for EPA-2021-006794.'"[2] *Id.* ¶ 14.

22. Plaintiff's counsel's December 5, 2022, email further indicates that "[they] do not challenge anything in the five pages of emails previously at issue…" *Id.*

### The Agency's Withholdings

23. The Agency withheld a total of eight slides, in part, from the February 4, 2021,

---

[2] Mr. Hardin's December 5 email erroneously cites to an earlier, outdated version of the PowerPoint presentation that was released to Plaintiff on August 5, 2022 (ED_006414_00000550_Formal_RWR – August 5, 2022, Release for EPA-2021-006794). The Agency has conferred with Mr. Hardin and confirmed that he intended to cite to a later version of the PowerPoint, specifically, the version that was released on October 25, 2022, named "October 2022 Release – ED_006414_000000550_Formal_RWR."

PowerPoint.

24. *Slide 3*. The first withheld record by the Agency is Slide 3 (page 3) of the PowerPoint presentation. Slide 3 discusses potential strategies for regulating power plant emissions, with a particular focus on the pros and cons of certain strategies based on the time required to implement them. *Id.* ¶ 21.

25. *Slide 5.* The second withheld record by the Agency is Slide 5 (page 5) of the PowerPoint presentation. Slide 5 outlines the Agency's then-developing potential strategies for regulating power sector discharges of pollutants and land pollution under the Clean Water Act and Resource Conservation and Recovery Act, respectively. *Id.* ¶ 24.

26. This slide identifies and discusses two potential strategies that were developed and proposed by Agency staff for consideration by Agency decision-makers. The strategies pertain to regulating and reducing water and land pollution from the power sector, and the withheld material is also comprised of internal Agency staff members' opinions of the relative pros and cons of the proposed strategies. *Id*.

27. *Slide 6*. The third withheld record by the Agency is Slide 6 (page 6) of the PowerPoint presentation. Slide 6 identifies potential strategies for reducing emissions through Air Toxics Standards, including potential future rulemakings and other regulatory actions under the Air Toxics program. *Id.* ¶ 27.

28. *Slide 7.* The fourth withheld record by the Agency is Slide 7 (page 7) of the PowerPoint presentation. Slide 7 identifies the non-attainment provisions under the Clean Air Act as a potential strategy for regulating and reducing power sector emissions. *Id.* ¶ 30.

29. *Slide 8*. The fifth withheld record by the Agency is Slide 8 (page 8) of the PowerPoint presentation. Slide 8 discusses potential strategies for reducing power sector emissions

under Section 111(d) of the Clean Air Act. The Agency has withheld the second bullet point on this slide because it identifies a potential future rulemaking under consideration by the Agency. *Id.* ¶ 33.

30. *Slide 9.* The sixth withheld record by the Agency is Slide 9 (page 9) of the PowerPoint presentation. Slide 9 discusses the potential regulatory strategies for regulating power sector emissions through the Regional Haze program. This text also addresses the pros and cons of adopting various strategies related to that program. *Id.* ¶ 36.

31. *Slide 10.* The seventh withheld record by the Agency is Slide 10 (page 10) of the PowerPoint presentation. Slide 10 identifies potential strategies and possible future regulatory actions for coal-fired units and includes a discussion of the priorities, key factors, and constraints of such regulations. As the title of the slide indicates, the matters discussed in this slide consist of proposed next steps for coal-fired units. *Id.* ¶ 39.

32. *Slide 11.*  The eighth withheld record by the Agency is Slide 11 (page 11) of the PowerPoint presentation. Slide 11 identifies potential approaches and strategic considerations for regulating and reducing emissions from new natural gas units under Section 111(b) of the Clean Air Act. The withheld information identifies potential approaches reducing emissions, including possible future rulemakings and other identified strategies. The withheld information also consists of a discussion of relevant considerations associated with the strategies identified in the PowerPoint. *Id.* ¶ 42.

33. *Intra and Inter-Agency Materials*. The eight withheld slides reflect intra-agency or inter-agency materials. This information was created by Agency employees for Agency decision makers and the White House has not been shared outside the Executive Branch. *Id.* ¶ 18.

34. *Predecisional Materials*. The Agency has not reached a final decision on any of the proposed strategies, policy proposals, or recommendations described in the withheld slides. Because the document and withheld material therein was generated prior to finalizing a decision on these strategies and potential future regulatory actions, the withheld information is pre-decisional. *Id.* ¶¶ 22, 25, 28, 31, 34-35, 37, 40, 43.

35. *Deliberative Materials*. The withheld information in this PowerPoint is deliberative because it reflects ongoing, internal discussions at the Agency about power sector pollution, including the Agency's then-current, and still-developing, internal group thinking about potential future regulatory strategies, rulemakings, and other associated strategic considerations for reducing power sector pollution. *Id.* ¶¶ 20, 23, 26, 29, 32, 35, 38, 41, 44.

36. Many of the slides also contain internal Agency staff reflections and opinions concerning the efficacy of the proposed strategies. *Id.*

37. These proposed potential strategies, ideas, opinions, and reflections contained in the PowerPoint were developed internally at the Agency by Agency staff and managers in OAR, among other Agency offices, for consideration by Agency decision-makers and were presented to the White House in this PowerPoint to provide the White House with an opportunity to share questions and comments on the Agency's potential regulatory strategies for the power sector. *Id.*

38. *Foreseeable Harm*. Disclosure of the withheld information will result in foreseeable harm to the Agency's ability to openly discuss future policy and rulemaking. Plaintiff's requested disclosure will chill the free exchange of ideas between Agency employees and White House officials when identifying, analyzing, and discussing potential regulatory

strategies for regulating power plants and environmental contaminants in the future. *Id.* ¶¶ 46-47.

39. Disclosure of the withheld information would create an understanding at the Agency that discussions surrounding the development of sensitive, controversial regulatory matters are not protected from release. This would chill the development of policy at the Agency by reducing the free exchange of ideas around potential weaknesses to suggested strategies for fear that these candid discussions will be used against the Agency in subsequent litigation. *Id*.

40. Disclosure of the withheld information will also result in foreseeable harm to the Agency's deliberative process by creating significant public confusion about whether the regulatory strategies and rulemakings discussed in the PowerPoint reflect the Agency's final policies and positions. Because the policy proposals in the withheld materials have not yet been the subject of final agency action, there is substantial potential for these propositions to be inaccurately construed by the public as future commitments, past actions, or provisions already in place. *Id.* ¶¶ 48-49.

41. The confusion created by the release of these predecisional, deliberative documents would impair the Agency's ability to consult and collaborate with its senior leadership and the White House, thereby undermining the integrity of the rulemaking process. *Id*.

42. *Segregability*, The Agency reviewed the withheld materials and determined that all segregable information has been released to Plaintiff. *Id.* ¶ 50.

Dated: January 27, 2023                     Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

MICHAEL BACHARACH
Special Assistant United States Attorney
*Application for admission to the United States District Court for the District of Columbia submitted and pending approval.*

By:     */s/ Stephen DeGenaro*

STEPHEN DEGENARO
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D St., NW.
Washington, D.C. 20530
Tel: (202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*