IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENERGY POLICY ADVOCATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-0298 (TJK) |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF UNDISPUTED FACTS**

NOW COMES Energy Policy Advocates and files this response to the Defendant's Statement of Undisputed Facts:

1. Admitted.

2. Admitted.

3. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

4. Admitted.

5. Admitted that the referenced correspondence contained the cited language. To the extent that the cited language is inconsistent with the evidence, this statement is objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible

form (because it is outside the personal knowledgeof the Declarant and appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant or is based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

11. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant or is based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

12. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant

and appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

13. Admitted that the agency withheld the cited portions of the cited record(s) and did so based on the referenced agency assertions. To the extent that this statement could be construed to indicate that the agency's assertions themselves are true, Plaintiff objects insofar as this statement is a legal conclusion and not a statement of material fact.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted that the agency withheld the material based on the cited exemption. To the extent that this statement could be construed to indicate that the agency's assertions themselves are true or the exemptions apply, Plaintiff objects insofar as this statement is a legal conclusion and not a statement of material fact.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted that Slide 3 was withheld. To the extent that the content of the slide is discussed, Plaintiff objects pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The

cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant or appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

25. Admitted that Slide 5 was withheld. To the extent that this paragraph references the content of Slide 5, Plaintiff objects for the same reasons set forth above with respect to Slide 3.

26. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

27. Admitted that Slide 6 was withheld. Except to the extent admitted, Plaintiff objects pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant or sets forth factual allegations based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search).

28. Admitted that Slide 7 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above.

29. Admitted that Slide 8 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above.

30. Admitted that Slide 9 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above.

31. Admitted that Slide 10 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above.

32. Admitted that Slide 11 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above.

33. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.

34. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.

35. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.

36. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.

37. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.

38. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible

form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.

39. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or is speculative and/or is based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.

40. Objected to for the same reasons as set forth in ¶ 39, above.

41. Objected to because this statement appears to be a legal conclusion or legal argument rather than a statement of material fact. Furthermore, it is objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4) because it is speculative, and speculation is not admissible.

42. Admitted that the agency made such a determination. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4) insofar as the agency's determination and its accuracy is a legal conclusion and not a statement of material fact.

Respectfully submitted this the 24th day of February, 2023,

/s/Matthew D. Hardin
Matthew D. Hardin
D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: Matt@MatthewHardin.com