UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 22-0298 (TJK)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
601 D St., N.W.
Washington, D.C.  20530
(202) 252-7229


*Attorneys for the United States of America*

March 24, 2023

# TABLE OF CONTENTS

ARGUMENT ................................................................................................................... 1

I.    The Facts Contained in Defendant's Declaration are not in Dispute............................. 1

II.   Plaintiff has Failed to Respond Meaningfully to Defendant's Foreseeable Harm
      Argument. .................................................................................................................. 5

III.  Plaintiff's Arguments Regarding the Application of Exemption 5 Lack Merit.............. 7

IV.   *In Camera* Review is Unwarranted.............................................................................. 12

CONCLUSION............................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

Cases

*Access Reps. v. Dep't of Just.,*
  926 F.2d 11926 (D.C. Cir. 1991) ............................................................................. 8

*ACLU v. Dep't of Def.,*
  628 F.3d 6127 (D.C. Cir. 2011) ............................................................................... 13

*ACLU v. Fed. Bureau of Prisons,*
  Civ. A. No. 20-2320 (RBW), 2022 WL 12621125 (D.D.C. Apr. 28, 2022) ............ 2

*Allen v. CIA,*
  636 F.2d 12878 (D.C. Cir. 1980) ............................................................................. 13

*Barnard v. Dep't of Homeland Sec.,*
  598 F. Supp. 2d 19 (D.D.C. 2009) ............................................................................ 3

*Bryant v. Gates,*
  532 F.3d 8888 (D.C. Cir. 2008) ................................................................................ 5

*Celotex Corp. v. Catrett,*
  477 U.S. 3173 (1986) ................................................................................................ 1

*Comm. for Freedom of the Press v. FBI,*
  3 F.4th 3500 (D.C. Cir. 2021) ......................................................................... passim

*Cox v. Nielsen,*
  Civ. A. No. 16-1966 (TNM), 2019 WL 13598064 (D.D.C. Mar. 26, 2019) ............ 5

*Ctr. for Auto Safety v. EPA,*
  731 F.2d 162 (D.C. Cir. 1984) ................................................................................ 12

*Department of Justice,*
  45 F.4th 9632 (D.C. Cir. 2022) ................................................................................ 8

*DiBacco v. Dep't of Army,*
  926 F.3d 8273 (D.C. Cir. 2019) ......................................................................... 4, 11

*Frontier Found. v. Dep't of Just.,*
  826 F. Supp. 2d 1575 (D.D.C. 2011) ...................................................................... 14

*Hayden v. Nat'l Sec. Agency,*
  608 F.2d 13817 (D.C. Cir. 1979) ............................................................................ 13

*Inst. for Pol'y Stud. v. CIA,*
  885 F. Supp. 2d 1204 (D.D.C. 2012) ........................................................................ 3

*Johnson v. Panetta,*
  953 F. Supp. 2d 2440 (D.D.C. 2013) .................................................................. 5, 10

*Jud. Watch, Inc. v. Dep't of Just.,*
  Civ. A. No. 19-2743 (CJN), 2022 WL 29156058 (D.D.C. July 15, 2022) .............. 14

*Judicial Watch, Inc. v. Department of Commerce,*
  224 F.R.D. 2613 (D.D.C. 2004) ................................................................................ 4

*Kifafi v. Hilton Hotels Ret. Plan,*
  736 F. Supp. 2d 64 (D.D.C. 2010) ............................................................................ 1

*Larson v. Dep't of State,*
  565 F.3d 8570 (D.C. Cir. 2009) .............................................................................. 13

*Londrigan v. FBI*,
  670 F.2d 11647 (D.C. Cir. 1981) ................................................................................ 4

*Maggio v. Wis. Ave. Psychiatric Ctr., Inc.*,
  795 F.3d 574 (D.C. Cir. 2015) ............................................................................... 9, 10

*Majuc v. Dep't of Just.*,
  Civ. A. No. 18-0566 (APM), 2022 WL 2667003 (D.D.C. Jan. 28, 2022) ................................ 3

*Maramark v. Spellings*,
  Civ. A. No. 01-2206 (CKK), 2006 WL 276979 (D.D.C. Feb. 3, 2006) ................................ 6

*N.L.R.B. v. Sears, Roebuck & Co.*,
  421 U.S. 1328 (1975) ................................................................................................ 8

*N.Y. Rehab. Care Mgmt., LLC v. NLRB*,
  506 F.3d 10706 (D.C. Cir. 2007) ............................................................................... 5

*National Treasury Employees Union v. U.S. Customs Service*,
  802 F.2d 525 (D.C. Cir. 1986) .................................................................................. 4

*Nat'l Sec. Archive v. CIA*,
  752 F.3d 4603 (D.C. Cir. 2014 ............................................................................... 8, 9

*Oviedo v. Wash. Metro. Area Transp. Auth.*,
  948 F.3d 3867 (D.C. Cir. 2020) ............................................................................. 2, 5

*Ray v. Turner*,
  587 F.2d 11875 (D.C. Cir. 1978) ........................................................................... 12

*SafeCard Servs., Inc. v. SEC*,
  926 F.2d 11971 (D.C. Cir. 1991) .................................................................... 5, 7, 8, 10

*Schrecker v. Dep't of Just.*,
  217 F. Supp. 2d 295 (D.D.C. 2002) ........................................................................... 3

*United States v. TDC Mgmt. Corp.*,
  827 F.3d 11270 (D.C. Cir. 2016) ............................................................................... 5

*Vaughn v. Rosen*,
  484 F.2d 8205 (D.C. Cir. 1973) .............................................................................. 14

*Welsh v. Dep't of State*,
  Civ. A. No. 21-1380 (TJK), 2023 WL 2424606 (D.D.C. Mar. 8, 2023) ................... 1, 6, 10, 11

*West Virginia v. EPA*,
  142 S. Ct. 2587 (2022) ............................................................................................. 6

*Winston & Strawn v. McClean*,
  843 F. 3d. 5037 (D.C. Cir. 2016) ......................................................................... 1, 5, 7

Rules

Fed. R. Civ. P. 56 ..................................................................................................... 1

Defendant, the United States Environmental Protection Agency (the "Agency" or "Defendant") files this reply in further support of its Motion for Summary Judgment.[1] As discussed herein, Plaintiff's opposition fails to persuasively rebut the grounds for summary judgment in this case.

## ARGUMENT

### I.  The Facts Contained in Defendant's Declaration are not in Dispute.

A court may enter summary judgement only when the pleadings and evidence show "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Winston & Strawn v. McClean*, 843 F. 3d. 503, 507 (D.C. Cir. 2016). Subsequently, the party who seeks summary judgement "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate[] the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). After both parties present evidence, if the nonmoving party fails to present evidence to rebut the moving party's evidence, the Court should then treat the moving party's statement of material facts as not in dispute.

---

[1]     On December 18, 2022, this Court ordered the parties to comply with the following schedule for briefing summary judgment: "Defendant shall file its motion for summary judgment by January 27, 2023; Plaintiff shall file its combined cross-motion for summary judgment and opposition by February 24, 2023; Defendant shall file its combined reply and opposition by March 24, 2023; and Plaintiff shall file its reply by April 21, 2023." Dec. 18, 2022, Minute Order. On February 24, 2023, however, Plaintiff only filed an opposition without also cross-moving for summary judgment. *See* Pl. Opp'n, ECF No. 17. Accordingly, the briefing on summary judgment is now closed, as Defendant—the movant—has submitted its reply. Moreover, Plaintiff is not entitled to file a reply brief on April 21, 2023, because there is no opposition to a cross-motion for summary judgment to which Plaintiff can reply. *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010) (sur-replies are generally disfavored); *see also Welsh v. Dep't of State*, Civ. A. No. 21-1380 (TJK), 2023 WL 2424606, at *5 (D.D.C. Mar. 8, 2023) ("Welsh never cross-moved for summary judgment, however, such that he could file any cross-reply. The Court construes this filing as a sur-reply, but Welsh also never moved for or received leave to file one.").

*Winston & Strawn*, 843 F.3d. at 508-09 ("We simply hold that a District Court must determine for itself that there is no genuine dispute as to any material fact and that the movant is entitled to judgement as a matter of law, and then should state on the record the reasons for granting or denying the motion." (internal quotation marks and citations omitted)); *Oviedo v. Wash. Metro. Area Transp. Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (deeming admitted defendant's facts advanced in its statement of material facts, where plaintiff "failed to present a material dispute of fact on the matter").

Here, the Agency submitted in support of its motion for summary judgment a detailed declaration from John Shoaff, the Director of the Office of Air Policy and Program Support within the Office of Air and Radiation within the Agency.  *See* Shoaff Decl., ECF No. 16-3.[2]  Plaintiff's Response to Defendant's Statement of Material Facts (ECF No. 17-1, "Pl. Stmt.") does not contain either a concise statement of all material facts Plaintiff contends are in dispute, or a declaration of evidence showing that the Shoaff Declaration is untrue.  Instead, Plaintiff objects to several material facts on the grounds that they fail to comply with Rule 56(c)(2) and (c)(4).  *See* Pl. Stmt. ¶¶ 3, 5, 10-12, 24, 26-27, 33-42.

Plaintiff's position is unsupported in the case law, however.  Courts within this Circuit and this District routinely affirm that a declaration of an agency official who is knowledgeable about the agency's FOIA practices and familiar with the documents in question has been found to satisfy the personal knowledge requirement for summary judgment declarations.  *See, e.g.*, *ACLU v. Fed.*

---

[2]     In preparing the instant memorandum, undersigned realized that the digital signature does not appear in the version of the Shoaff Declaration that Defendant filed with its motion for summary judgment.  *See* Shoaff Decl.  Defendant attaches as Exhibit A to this memorandum a version of the Shoaff Declaration that is identical in substance as the version filed previously but reflects the witness's digital signature averring that the contents are true and correct.  *See* Ex. A at 18 (digital signature reflecting that witness signed declaration on January 27, 2023).

*Bureau of Prisons*, Civ. A. No. 20-2320 (RBW), 2022 WL 1262112, at *5 (D.D.C. Apr. 28, 2022) ("the information a declarant provides in a FOIA matter need not be independently corroborated in order to survive a hearsay objection"); *Majuc v. Dep't of Just.*, Civ. A. No. 18-0566 (APM), 2022 WL 266700, at *3 (D.D.C. Jan. 28, 2022) ("Courts routinely have held that declarants in FOIA cases can rely on information obtained through inter-agency consultations without running afoul of hearsay rules."); *Inst. for Pol'y Stud. v. CIA*, 885 F. Supp. 2d 120, 134 (D.D.C. 2012) ("[a] declarant is deemed to have personal knowledge if he has a general familiarity with the responsive records and procedures used to identify those records and thus is not required to independently verify the information contained in each responsive record"); *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 19 (D.D.C. 2009) ("FOIA declarants may include statements in their affidavits based on information that they have obtained in the course of their official duties"); *Schrecker v. Dep't of Just.*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) (rejecting argument that affidavit was hearsay because affiant was "responsible for the FBI's compliance with FOIA litigation and is therefore not merely speculating about the FBI activities"), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003).

Here, Mr. Shoaff averred that he made the statements in his declaration based on "[his] personal knowledge, upon information acquired by [him] from staff and colleagues through the performance of [his] official duties, and upon conclusions reached and determinations [that he] made based on that information." Shoaff Decl. ¶ 2. Relying on those sources of information, Shoaff explained how the information withheld in the PowerPoint slide deck meets the requirements for asserting Exemption 5 (*id.* ¶¶ 18-20), offered a slide-by-slide analysis for how each withholding is proper under the FOIA (*id.* ¶¶ 21-44), established the foreseeable harm that would result from disclosing the withheld portions of the slide deck (*id.* ¶¶ 44-49), and described the manner by which Defendant conducted its "line-by-line" review of the contents of the deck.

*Id.* ¶ 50.  The Shoaff Declaration thus does not run afoul of Rule 56 because Shoaff made his declaration based on permissible sources of information.  *DiBacco v. Dep't of Army*, 926 F.3d 827, 833 (D.C. Cir. 2019) (collecting cases; "although some of the information was relayed to [the agency declarant] by her subordinates, declarations in FOIA cases may include such information without running afoul of Rule 56").

Plaintiff's case law is not to the contrary.  *See* Pl. Opp'n at 9.  The parties did not raise the issue of personal knowledge and hearsay in *National Treasury Employees Union v. U.S. Customs Service*, 802 F.2d 525 (D.C. Cir. 1986), and in fact the D.C. Circuit ultimately affirmed the agency's withholdings in that case.  *See id.* at 531.  Although Plaintiff is correct that in *Judicial Watch, Inc. v. Department of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004), the court  struck portions of the declaration at issue, Plaintiff elides that the offending declaration was offered by the FOIA requester, not the agency.  *Id.*  As mentioned above, courts within this Circuit and District have permitted agency declarants in FOIA cases to rely on information obtained through inter-agency consultation, for example; however, that logic does not apply to requester declarants who cannot base their statements on personal knowledge and information provided to the declarant by colleagues in the course of their duties handling FOIA requests.  Shoaff Decl. ¶ 2.  *Londrigan v. FBI*, 670 F.2d 1164, 1167 (D.C. Cir. 1981), meanwhile, is readily distinguishable, because the agency attempted to rely upon the declaration containing hearsay to obtain summary judgment in a Privacy Act case where the agency's compliance with the FOIA was not at issue.[3]  *Id.*  Thus, this Court should not hesitate to dispense with Plaintiff's hearsay objections here.

---

[3]      Moreover, *Londrigan* was decided long before *DiBacco*, in which the D.C. Circuit recently reaffirmed that agency declarants may rely on information provided to the declarant during his or her duties that might otherwise be excluded as hearsay.  *DiBacco*, 926 F.3d at 833.

Plaintiff does not identify any evidence that would contradict the facts identified in Defendant's Statement of Material Facts.  Indeed, stripped of Plaintiff's unfounded hearsay objections, its Response to Defendant's Statement of Undisputed Facts (ECF No. 17-1) is bereft of any reason—let alone a properly-supported one—for this Court to determine that any of the material facts are in dispute here.  Accordingly, this Court should treat Defendant's statement of material facts (ECF No. 16-2, "Def. Stmt.") as undisputed, afford the Shoaff Declaration the presumption of good faith, *see SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991), and, for the reasons stated in Defendant's opening memorandum, enter judgment in favor of Defendant on the undisputed factual record.  *Winston & Strawn*, 843 F.3d. at 509; *Oviedo*, 948 F.3d at 396-97.

## II.    **Plaintiff has Failed to Respond Meaningfully to Defendant's Foreseeable Harm Argument.**

It is well understood in this Circuit that a party may "forfeit [an argument] because [the party] does not further develop it (or even mention it again) after [a] 'single, conclusory statement.'"  *United States v. TDC Mgmt. Corp.*, 827 F.3d 1127, 1130 (D.C. Cir. 2016) (quoting *Bryant v. Gates*, 532 F.3d 888, 898 (D.C. Cir. 2008)).  Indeed, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work."  *N.Y. Rehab. Care Mgmt., LLC v. NLRB*, 506 F.3d 1070, 1076 (D.C. Cir. 2007) (quotation marks omitted); *see also Cox v. Nielsen*, Civ. A. No. 16-1966 (TNM), 2019 WL 1359806, at *14 (D.D.C. Mar. 26, 2019) (rejecting argument in opposition to motion for summary judgment, in part, on grounds that non-movant presented "undeveloped" argument with "no reference to the record evidence and no citation to authority"); *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) (explaining that the Court need not construct the parties' legal arguments, for "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived").

Here, Defendant argued that it is entitled to summary judgment due to foreseeable harm that would follow from disclosure of the withheld information.  Open. Br. (ECF No. 16-1) at 25-28. Defendant offered a "focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward."  *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021).  Plaintiff's opposition did not address these averments— the opposition fails to mention "foreseeable harm" even once.[4]  And, as mentioned above, the Shoaff

---

[4]  Plaintiff has filed a motion (ECF No. 18) for leave to file an Amended Response to Defendant's Statement on the eve of the deadline for Defendant's reply in support of its motion for summary judgment.  Despite the representation that the proposed amended response "does not materially alter the posture of the case," Plaintiff has advanced a new, untimely argument in paragraph 38 of the Amended Statement of Material Facts with respect to foreseeable harm that it could have made in its opposition but chose not to.  *Compare* Def. Stmt. ¶ 38 *with* Prop. Am. Pl. Stmt. (ECF No. 18-1) ¶ 38.  If Plaintiff wanted to seek leave to file an amended opposition to advance new substantive arguments, then it could have done that instead of laundering the new argument into the record as though Plaintiff were merely filing an amended statement to "comport[] with the Court's standing order in terms of formatting[.]"  Mot. Am. Pl. Stmt. at 2.  At this late juncture of the case, with summary judgment briefing now closed with the filing of this memorandum, Defendant opposes Plaintiff's attempts to advance a new, untimely argument that was available to it on February 24, 2023.  *See also* Ex. B (correspondence discussing motion for leave to amend Response Statement of Material Facts back on February 27-28,2023 that does not mention intention to make new arguments).

To the extent this Court is willing to excuse Plaintiff's procedurally improper argument, it may be rejected for several additional reasons.  First, Plaintiff uses the Amended Response to Statement of Facts to advance arguments, rather than highlight disputed material facts, and it is improper to "pepper this filing with argument, speculation, conjecture, and assumptions that— while proper in her accompanying Opposition—are not proper in the context of Plaintiff's Response to Defendant's Statement."  *Maramark v. Spellings*, Civ. A. No. 01-2206 (CKK), 2006 WL 276979, at *1 (D.D.C. Feb. 3, 2006), *aff'd*, No. 06-5099, 2007 WL 2935411 (D.C. Cir. Sept. 20, 2007).  Second, Plaintiff's argument assumes that there is a single purpose furthered by the deliberations involved in this slide deck—a purpose that, in Plaintiff's view, has been rendered moot by the "current legal landscape" following a recent Supreme Court decision.  Prop. Am. Pl. Stmt. ¶ 38.  Plaintiff cites no facts to support its assertion, however, which does not suffice for denying summary judgment to the agency.  *Welsh*, 2023 WL 2424606, at *5 (D.D.C. Mar. 8, 2023) (non-movant must provide evidentiary support to rebut agency declaration).  Third, Plaintiff's untimely and procedurally inappropriate argument about the import of *West Virginia v. EPA*, 142 S. Ct. 2587 (2022) is irrelevant to whether Defendant has met its burden to explain "particular

Declaration—which is entitled to a presumption of good faith, *see SafeCard Servs.*, 926 F.2d at 1201, and is uncontested on this factual record—explains the foreseeable harm that would result because disclosure would reduce candor among Defendant employees when discussing proposed policies out of concern that these positions would be critiqued by external stakeholders prematurely and would confuse the public about the present state of Agency policies for regulating power plant emissions.   Shoaff Decl. ¶¶ 46-49.   Thus, there is no genuine dispute as to the foreseeable harm that would follow from disclosure of the withheld information, and Defendant respectfully requests that this Court enter summary judgment in its favor on foreseeable harm as well. *Winston & Strawn*, 843 F.3d. at 509.

## III.   Plaintiff's Arguments Regarding the Application of Exemption 5 Lack Merit.

In opposition, Plaintiff raises several generic challenges to Defendant's detailed explanation of the withholdings at issue.   Each of Plaintiff's assertions fails.

First, Plaintiff argues that Defendant has not met its burden because—in Plaintiff's view— the Shoaff Declaration and the *Vaughn* index fail to identify any agency "decision" that is being contemplated.   Pl. Opp'n at 6-7 ("Defendant has not explained who was deliberating or even specified what decision was being deliberated, let alone the reason for the White House Climate Office's formal involvement[.]").   Defendant is not required to identify a decision to withhold information under Exemption 5, however.   The Supreme Court has recognized that "[a]gencies are, and properly should be, engaged in a continuing process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency

---

sensitivity of the types of information at issue or the role that they play in the relevant agency decisional processes[,]" and "the link between the specified harm and specific information contained in the material withheld" to demonstrate foreseeable harm—which it has done here. *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 369, 372 (2021).

decisions[.]" *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 n.18 (1975).  The D.C. Circuit recently has reaffirmed that Exemption 5 may be invoked "even though the agency could not pinpoint a later decision to which the document contributed."  *Reporters Comm.*, 3 F.4th at 362 (internal quotation marks omitted); *see also Nat'l Sec. Archive v. CIA*, 752 F.3d 460, 463 (D.C. Cir. 2014) ("There may be no final agency document because a draft died on the vine. But the draft is still a draft and thus still pre-decisional and deliberative.").  "Any requirement of a specific decision after the creation of the document would defeat the purpose of the exemption" because "the author could not know whether the decision-making process would lead to a clear decision, establishing the privilege, or fizzle, defeating it."  *Access Reps. v. Dep't of Just.*, 926 F.2d 1192, 1196 (D.C. Cir. 1991).  Even *CREW v. Department of Justice*, 45 F.4th 963, 972 (D.C. Cir. 2022)—which Plaintiff relied upon in its opposition—recognizes that "the deliberative-process privilege may apply even when the agency never reaches a final decision."  *Id.*  For that reason, it is not necessary that an internal discussion lead to the adoption of a specific government policy or a discrete decision to qualify for protection under Exemption 5.

Here, the Shoaff declaration details why the withholdings in the PowerPoint slide deck are "pre-decisional" in nature.  Shoaff avers that the PowerPoint slide deck was prepared by agency employees to brief a White House office charged with coordinating environmental regulatory strategy, with the purpose of providing the White House "with an opportunity to share questions and comments on the Agency's regulatory strategies for the power sector."  Shoaff Decl. ¶ 9.  Shoaff further averred that the withheld information from each of the slides relates to strategies and proposals for which Defendant has neither reached a final decision on the subject nor begun implementation.  *Id.* ¶¶ 22, 25, 28, 31, 34-35, 37, 40, 43.  As mentioned above, Plaintiff has failed to rebut the presumption of good faith afforded to these averments with any competent evidence.

*SafeCard Servs.*, 926 F.2d at 1201.  Thus, this Court should reject Plaintiff's argument about a lack of a "decision" because the argument is irrelevant to the inquiry of whether Defendant has properly shown that the withheld information is pre-decisional.  *Nat'l Sec. Archive*, 752 F.3d at 463 ("[T]he FOIA requester points out that there was no final CIA history that arose out of or corresponded to Volume V. That is true, but we do not see the relevance of the point.").

Next, Plaintiff challenges the withholdings because the record lacks any evidence of a superior and subordinate role between Defendant and its partners in the White House Climate Office with whom Defendant was evaluating potential prospective policy and regulatory strategies.  Pl. Opp'n at 6, 8.  This, too, is not a requirement for Defendant to sustain its burden in justifying deliberative process withholdings under Exemption 5.  The D.C. Circuit has rejected the very same argument Plaintiff raises here:

> There is no such directional precondition to protection under the deliberative process privilege. True, we have said that Exemption 5 is generally designed to protect subordinates' advice to superiors.  But at the end of the day, the key to whether a document is deliberative is whether it is part of the give-and-take of the consultative process.  And when such an internal agency dialogue is underway, communications by both the giver and the taker can fall within the privilege.

*Reps. Comm.*, 3 F.4th at 364 (internal quotation marks and citations omitted).  As before, the Shoaff Declaration offers sufficient detail explaining who was involved in the pre-decisional deliberations, the purpose of the deliberations, and the fact that no final action had been taken at the time of these deliberations.  Shoaff Decl. ¶ 9, 22, 25, 28, 31, 34-35, 37, 40, 43.  Plaintiff's challenge about the lack of a superior and subordinate role is thus "a red herring [the Court] need not pursue." *Maggio v. Wis. Ave. Psychiatric Ctr., Inc.*, 795 F.3d 57, 60 n.4 (D.C. Cir. 2015).

Plaintiff also—briefly—challenges whether Defendant met its burden to demonstrate that these materials were deliberative. Pl. Opp'n 17 at 7. Its argument, in full, reads:

> Nor has the Agency established that its communications were "deliberative."
> Indeed, the Agency admits that the PowerPoint presentation at issue was prepared
> to "brief the White House" rather than to weigh, internally or with some other
> agency, the merits and demerits of a particular decision. Conveying the Agency's
> policy, Plaintiff respectfully submits, is entirely different from deliberating what
> that policy should be.

*Id.* Plaintiff offers no authority for this perfunctory and undeveloped proposition that a "briefing" of a coordinate part of the executive branch *per se* cannot be deliberative.[5] *See Johnson*, 953 F. Supp. 2d at 250. Moreover, Plaintiff's argument is belied by undisputed evidence in the record. The Shoaff Declaration, contrary to Plaintiff's assertions, explained that the purpose of this meeting was to afford the White House "with an opportunity to share questions and comments on the Agency's regulatory strategies for the power sector." Shoaff Decl. ¶ 9. Plaintiff's unsubstantiated arguments to the contrary cannot overcome the presumption of good faith afforded to this declaration, and are insufficient to defeat summary judgment. *SafeCard Servs.*, 926 F.2d at 1201; *see also Welsh v. Dep't of State*, Civ. A. No. 21-1380 (TJK), 2023 WL 2424606, at *5 (D.D.C. Mar. 8, 2023) (non-movant must provide evidentiary support to rebut agency declaration).

Finally, Plaintiff claims that the Shoaff declaration lacks detail. Specifically, Plaintiff challenges as lacking sufficient detail the explanation of the withholdings on Slide 6 because, according to Plaintiff, "the declarant states that the agency was deliberating about the effects of its

---

[5]     Plaintiff makes much of the sematic choice of "brief" in Defendant discussing regulatory strategy with an office that, by Plaintiff's own admission, "facilitate[s] multi-agency coordination on, *e.g.*, enforcement of violations of extant environmental laws." Pl. Opp'n at 7. Plainly, "briefing" a stakeholder is a necessary pre-condition to that stakeholder being able to participate in the "give-and-take of the consultive process" and to offer views on "how to formulate the most appropriate and effective response to an ongoing national controversy." *Reps. Comm.*, 3 F.4th at 363-64.

deliberations on future deliberations." Pl. Opp'n at 7 (quoting Defendant's *Vaughn* index, located at Shoaff Decl. at 21). Plaintiff also, cryptically, asserts that "[s]ilimar arguments appear with respect to Slide 8" without further elaboration. *Id.* As to Slide 10, Plaintiff contends that the Declaration failed to sufficiently explain what "potential next steps" Defendant may take. *Id.* Tellingly, Plaintiff provides no case law supporting its argument that Defendant has offered insufficient detail to explain the deliberative nature of those slides or that "deliberations" about "future effects" are inherently not deliberative.

Nor could it, as the Shoaff Declaration makes clear why those respective slides were pre-decisional and deliberative in nature. With respect to Slide 6, the Declaration explained that Slide 6 contained "proposed strategies developed by [Agency] staff and managers for consideration by Agency decision-makers"; "staff members' analysis and reflections of the efficacy of the identified strategies"; and "a presentation of options for implementing the strategies." Shoaff Decl. ¶ 29. With respect to Slide 8, the Declaration explained that it contained "analysis of the nature and impact of the potential future rulemaking discussed in this slide." *Id.* ¶ 35. The Declaration, moreover, explained that Slide 10 was deliberative because the withheld information—"potential strategies and possible future regulatory actions for coal-fired units"—is deliberative because it contained "discussion of the priorities, key factors, and constraints of such regulations"; the "internal weighing of risks, benefits, and proposed strategies for implementing regulations for coal-fired units"; and "strategic advice by Agency decision-makers on which actions the Agency believes should be given consideration and the risk and benefits of adopting its advised approaches." *Id.* ¶¶ 39, 41. In short, "[t]here is nothing boilerplate about the declaration" offered by Defendant to establish the deliberative nature of its withholdings. *DiBacco*, 926 F.3d at 833 ("every paragraph specifically relates to DiBacco's suit and describes in detail the steps taken to

search for responsive records and why further searches were deemed unnecessary or futile"); *see also Reporters Comm.*, 3 F.4th at 364 (materials are deliberative in nature if they "contain the type of back-and-forth exchange of ideas, constructive feedback, and internal debate over how best to promote and to preserve" the policy being discussed).

## IV.    *In Camera* Review is Unwarranted.

Finally, Plaintiff has requested that this Court review *in camera* Defendant's withholdings under Exemption 5. According to Plaintiff, this request is justified because of "the very small universe of records at issue," as well as the supposed deficiencies in Defendant's declaration. Plaintiff's argument, however, lacks merit because Defendant has sufficiently justified its withholdings and, in the alternative, there are more effective means for the Court to evaluate Defendant's assertions of Exemption 5, should this Court find that Defendant has not sustained its burden on this record.

Whether to conduct an *in camera* review of material produced pursuant to a FOIA request is a decision that lies within the discretion of the district court. *See Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 22 (D.C. Cir. 1984). Courts, however, generally rule on FOIA actions based on agency declarations without *in camera* review of documents unless there is a showing of bad faith. *Id.* at 23 ("This Circuit has repeatedly held that when the agency meets its burden [under the FOIA] by means of affidavits, *in camera* review is neither necessary nor appropriate."); *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978) (noting that although *in camera* inspection "would likely be appropriate" when there is a showing of bad faith, "the government's burden does not mean that all assertions in a government affidavit must routinely be verified by audit"). "If the affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency

bad faith, then summary judgment is appropriate without *in camera* review of the documents." *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).

In this case, *in camera* review is not necessary because Defendant has adequately detailed why certain information within the PowerPoint slide deck had been withheld, and Plaintiff's short argument fails to provide evidence of bad faith to support *in camera* review of those redactions. As explained above, Defendant has supplied both a detailed declaration by John Shoaff and a detailed *Vaughn* index that expounds on the rationale for the redactions in this case. Considered collectively, these supporting materials amply shed light on the grounds for the withholdings in this case. *See ACLU v. Dep't of Def.*, 628 F.3d 612, 627 (D.C. Cir. 2011) (finding in camera review was "not necessary" where the agency's affidavit was "sufficiently detailed" and there was "no evidence of bad faith"); *Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009) ("If the agency's affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate without in camera review of the documents." (internal quotation marks omitted)).

Moreover, this Court should dispense with Plaintiff's argument that *in camera* review is justified in these circumstances because of the small number of records at issue. Although Defendant acknowledges that the number of pages may be a consideration for whether courts exercise their discretion to order *in camera* inspection, *see Allen v. CIA*, 636 F.2d 1287, 1298 (D.C. Cir. 1980), as another Court in this District has noted, there is a "cost to every in every *in camera* review [and] there is always a risk that information could be disclosed—intentionally or unintentionally—by someone or by some process involved[; thus] when dealing with matters the government contends are highly sensitive, courts must carefully consider whether to conduct *in*

*camera* review and do so only when it would add value." *See Jud. Watch, Inc. v. Dep't of Just.*, Civ. A. No. 19-2743 (CJN), 2022 WL 2915605, *8 n.7 (D.D.C. July 15, 2022).  As stated above, there is sufficient detail in the Shoaff Declaration and the supplied *Vaughn* index to justify Defendant's withholdings without running the risk of inadvertent disclosure.  Accordingly, this Court should reject Plaintiff's request for *in camera* review here.

In the alternative, should this Court find that Defendant has not sustained its burden, this Court should order submission of new declarations or *Vaughn* indices to address any shortcomings. Because *in camera* review is "necessarily conducted without benefit of criticism and illumination by a party with the actual interest in forcing disclosure," the Court should use it sparingly.  *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973).  "The best approach is to direct the agency to revise their Vaughn submissions, taking into account the deficiencies identified by the Court."  *Elec. Frontier Found. v. Dep't of Just.*, 826 F. Supp. 2d 157, 175 (D.D.C. 2011) (rejecting *in camera* review and requiring submission of revised *Vaughn* index).  In this case, while Defendant contends that it has met its burden in establishing the applicability of Exemption 5, if this Court were to disagree, in lieu of ordering the immediate release of records or in camera review, the Court should first order submission of new declarations or Vaughn indices to justify the challenged withholdings.  *See Am. for Prosperity v. Exp.-Imp. Bank*, Civ. A. No. 19-2948 (TJK) (D.D.C. Sept. 1, 2022), Min. Order ("Rather than order in camera review as Plaintiff requests, the Court will provide Defendants the opportunity to provide supplemental declarations to address these flaws and justify the withholdings.").

\*   \*   \*

14

**CONCLUSION**

For all these reasons, those in Defendant's opening memorandum, and those in the supporting declaration, Defendant respectfully requests that summary judgment be granted in its favor.

Date: March 24, 2023                                Respectfully submitted,

                                                    MATTHEW M. GRAVES, D.C. Bar #481052
                                                    United States Attorney

                                                    BRIAN P. HUDAK,
                                                    Chief, Civil Division

                                    By:      /s/ *Stephen DeGenaro*
                                             STEPHEN DEGENARO
                                             D.C. Bar #1047116
                                             Assistant United States Attorney
                                             601 D St., N.W.
                                             Washington, D.C.  20530
                                             (202) 252-7229
                                             Stephen.DeGenaro@usdoj.gov

                                             *Attorneys for the United States of America*

15