**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENERGY POLICY ADVOCATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-0298 (TJK) |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S *AMENDED* RESPONSE
TO DEFENDANT'S
STATEMENT OF UNDISPUTED FACTS**

NOW COMES Energy Policy Advocates, and submits the following *Amended* Response to Defendant's Statement of Undisputed Material Facts.[1]

**Counter Statement of Disputed Facts**

| ¶ | Movant's Statement | Plaintiff's Response to Movant's Statement |
|---|---|---|
| 1. | On September 28, 2021, Plaintiff submitted a FOIA request using the Agency's FOIAonline website1 seeking the following records: all electronic correspondence, whether email, text, SMS, etc., and any accompanying information, including also any attachments, a) sent to or from or which copies (whether as cc: or bcc:) i) Campbell.Ann@epa.gov and/or ii) rakosnik.delaney@epa.gov, that b) was also sent to or from or which copies (again, whether as cc: or bcc:) or mentions, anywhere, National Climate Advisor Gina McCarthy (including "Gina" and/or "McCarthy"), that also c) | Admitted. |

---

[1] This Amendment is made following undersigned counsel becoming aware of Judge Kelly's Standing Order on the Court's website, which sets forth specific formatting requirements. The Standing Order appears not to have been entered on the docket in this particular case.

1

| | | |
|---|---|---|
| | includes, anywhere, the following terms: i) "CO2", ii) "NAAQS", iii) "GHG" (including in "GHGs"), and/or iv) "Paris", and d) is dated January 21, 2021 through the date you process this request, inclusive. See generally Compl. | |
| 2. | The Agency assigned Plaintiff's FOIA request tracking number EPA-2021-006794. Declaration of John Shoaff ("Shoaff Decl."). ¶ 4. | Admitted |
| 3. | The Agency conducted an initial centralized email search of the identified custodians' Agency email accounts in January 2021. Id. ¶ 5. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). |
| 4. | On January 18, 2022, Agency employee Sabrina Hamilton, sent a letter through FOIA online to the Plaintiff's counsel, Mr. Matthew D. Hardin, with the following subject line: "Extension Due to Unusual Circumstances for FOIA Number EPA-2021-006794 to May 2, 2022." Id. ¶ 6. | Admitted. |
| 5. | Ms. Hardin's[2] letter explained that the Agency's Office of Air and Radiation ("OAR") required additional time to complete its response to Plaintiff's FOIA request in order to conclude inter-Agency review of the identified responsive records. Id. | Admitted that the referenced correspondence contained the cited language. To the extent that the cited language is inconsistent with the evidence, this statement is objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration |

---

[2] This statement appears to be in error. The underlying correspondence was from Ms. Hamilton to Mr. Hardin.

2

| | | |
|---|---|---|
| | | either does not support this conclusion, or does not support it in an admissible form (because it is outside the personal knowledge of the Declarant and appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). |
| 6. | Ms. Hamilton further indicated to Mr. Hardin that the Agency anticipated completing its response to Plaintiff's FOIA request by May 2, 2022, if not sooner. Id | Admitted. |
| 7. | On March 31, 2022, the Agency produced a total of three documents in response to Plaintiff's FOIA request. Id. ¶ 7. | Admitted. |
| 8. | The first document produced by the Agency (Bates Stamp ED_006414_00000549-00001) was an email transmitted on February 4, 2021, between several Agency employees with the subject line of "WH Power Plant Briefing." This document was released in full. Id. ¶ 8. | Admitted. |
| 9. | The second document produced by the Agency (Bates Stamp ED_006414_00000550- 0001 through ED_006414_00000550-0011) is a PowerPoint presentation entitled "Power Sector Strategy: Climate, Public Health, Environmental Justice: The Building Blocks." Id. ¶ 9. | Admitted. |
| 10. | The PowerPoint was created by Joe Goffman, then-Principal Deputy Assistant Administrator of the Agency's Office of Air and Radiation, along with other Agency employees, for a February 4, 2021, briefing by Mr. Goffman with Gina McCarthy and Ali Zaidi, then | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible |

3

| | | |
|---|---|---|
| | National Climate Advisor and Deputy National Climate Advisor, respectively, in the White House Office of Domestic Climate Policy. Id. | form (because it appears to be outside the personal knowledge of the Declarant or<br>is based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). |
| 11. | Dan Utech, Agency Chief of Staff, and Maggie Thomas, employee of the Agency's Office of Domestic Policy were also invited to the meeting. Id. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant or<br>is based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). |
| 12. | The purpose of this meeting was to brief the White House on potential policies and strategies under consideration by Agency decision-makers for regulating power plant pollution and to provide the White House with an opportunity to comment on the direction of the Agency's regulatory strategies for the power sector. Id | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is |

4

| | | |
|---|---|---|
| | | based on the declarant's supervision of a search). |
| 13. | . The Agency withheld certain portions of the February 4, 2021, PowerPoint presentation from Plaintiff because the Agency asserted the text was exempt from disclosure under the deliberative process privilege of Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). Id. ¶ 10. | Admitted that the agency withheld the cited portions of the cited record(s) and did so based on the referenced agency assertions. To the extent that this statement could be construed to indicate that the agency's assertions themselves are true, Plaintiff objects insofar as this statement is a legal conclusion and not a statement of material fact. |
| 14. | The third document produced in the Agency's March 31, 2022, production (Bates Stamp ED_006414_00000562-00001 through ED_006414_00000562-00004) is a four-page email chain between several employees of the Executive Branch and certain outside parties. Id. ¶ 11. | Admitted. |
| 15. | The only information withheld from the third document is one email address that was redacted in three different places in this email chain. All other information in this email chain was released. Id. | Admitted. |
| 16. | Between March 2022 and December 2022, Plaintiff's counsel requested that Defendant reconsider its withholdings under 5 U.S.C. § 552(b)(5). Id. ¶ 12. | Admitted. |
| 17. | On June 10, 2022, August 10, 2022, and October 25, 2022, the Agency made discretionary releases of previously withheld information from the disputed PowerPoint. Id. | Admitted. |
| 18. | Apart from these discretionary releases, the Agency maintained all other Exemption 5 withholdings in the PowerPoint based on its assertion of the deliberative process privilege. Id | Admitted that the agency withheld the material based on the cited exemption. To the extent that this statement could be construed to indicate that the agency's |

| | | |
|---|---|---|
| | | assertions themselves are true or the exemptions apply, Plaintiff objects insofar as this statement is a legal conclusion and not a statement of material fact. |
| 19. | In June 2022 and August 2022, the Agency provided Plaintiff an informal Vaughn Index explaining its withholdings under the deliberative process privilege recognized under FOIA Exemption 5. Id. | Admitted. |
| 20. | On October 25, 2022, the Agency released its final updated version of the February 4, 2021, PowerPoint to Plaintiff with Exemption 5 redactions remaining only on pages 3, 5-11. Id. ¶ 13. | Admitted. |
| 21. | On December 5, 2022, Plaintiff's council emailed Defendant's counsel to provide notice of their intent to challenge the Agency's "claimed deliberative process redactions on pp 3, 5-11 of 11 in the pdf ED_006414_00000550-00005-11 in 'ED_006414_00000550_Formal_RWR – August 5, 2022 Release for EPA-2021- 006794.'"2 Id. ¶ 14. | Admitted, |
| 22. | Plaintiff's counsel's December 5, 2022, email further indicates that "[they] do not challenge anything in the five pages of emails previously at issue…" Id. | Admitted. |
| 23. | The Agency withheld a total of eight slides, in part, from the February 4, 2021 PowerPoint. | Admitted. |
| 24. | Slide 3. The first withheld record by the Agency is Slide 3 (page 3) of the PowerPoint presentation. Slide 3 discusses potential strategies for regulating power plant emissions, with a particular focus on the pros and cons of certain strategies based on the time required to implement them. Id. ¶ 21. | Admitted that Slide 3 was withheld. To the extent that the content of the slide is discussed, Plaintiff objects pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in |

| | | |
|---|---|---|
| | | an admissible form (because it appears to be outside the personal knowledge of the Declarant or appears to be based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). |
| 25. | Slide 5. The second withheld record by the Agency is Slide 5 (page 5) of the PowerPoint presentation. Slide 5 outlines the Agency's then-developing potential strategies for regulating power sector discharges of pollutants and land pollution under the Clean Water Act and Resource Conservation and Recovery Act, respectively. Id. ¶ 24. | Admitted that Slide 5 was withheld. To the extent that this paragraph references the content of Slide 5, Plaintiff objects for the same reasons set forth above with respect to Slide 3. |
| 26. | This slide identifies and discusses two potential strategies that were developed and proposed by Agency staff for consideration by Agency decision-makers. The strategies pertain to regulating and reducing water and land pollution from the power sector, and the withheld material is also comprised of internal Agency staff members' opinions of the relative pros and cons of the proposed strategies. Id. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). |
| 27. | Slide 6. The third withheld record by the Agency is Slide 6 (page 6) of the PowerPoint presentation. Slide 6 identifies potential strategies for reducing emissions through Air Toxics Standards, including potential future rulemakings and other regulatory actions under the Air Toxics program. Id. ¶ 27. | Admitted that Slide 6 was withheld. Except to the extent admitted, Plaintiff objects pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration |

| | | |
|---|---|---|
| | | either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant or sets forth factual allegations based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). |
| 28. | Slide 7. The fourth withheld record by the Agency is Slide 7 (page 7) of the PowerPoint presentation. Slide 7 identifies the non-attainment provisions under the Clean Air Act as a potential strategy for regulating and reducing power sector emissions. Id. ¶ 30. | Admitted that Slide 7 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above. |
| 29. | Slide 8. The fifth withheld record by the Agency is Slide 8 (page 8) of the PowerPoint presentation. Slide 8 discusses potential strategies for reducing power sector emissions under Section 111(d) of the Clean Air Act. The Agency has withheld the second bullet point on this slide because it identifies a potential future rulemaking under consideration by the Agency. Id. ¶ 33. | Admitted that Slide 8 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above. |
| 30. | Slide 9. The sixth withheld record by the Agency is Slide 9 (page 9) of the PowerPoint presentation. Slide 9 discusses the potential regulatory strategies for regulating power sector emissions through the Regional Haze program. This text also addresses the pros and cons of adopting various strategies related to that program. Id. ¶ 36. | Admitted that Slide 9 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above |
| 31. | Slide 10. The seventh withheld record by the Agency is Slide 10 (page 10) of the PowerPoint presentation. Slide 10 identifies potential strategies and | Admitted that Slide 10 was withheld. Except as admitted, Plaintiff objects for the |

|     |     |     |
| --- | --- | --- |
|     | possible future regulatory actions for coal-fired units and includes a discussion of the priorities, key factors, and constraints of such regulations. As the title of the slide indicates, the matters discussed in this slide consist of proposed next steps for coal-fired units. Id. ¶ 39. | same reasons set forth with respect to Slide 6, above |
| 32. | Slide 11. The eighth withheld record by the Agency is Slide 11 (page 11) of the PowerPoint presentation. Slide 11 identifies potential approaches and strategic considerations for regulating and reducing emissions from new natural gas units under Section 111(b) of the Clean Air Act. The withheld information identifies potential approaches reducing emissions, including possible future rulemakings and other identified strategies. The withheld information also consists of a discussion of relevant considerations associated with the strategies identified in the PowerPoint. Id. ¶ 42. | Admitted that Slide 11 was withheld. Except as admitted, Plaintiff objects for the same reasons set forth with respect to Slide 6, above. |
| 33. | Intra and Inter-Agency Materials. The eight withheld slides reflect intra-agency or interagency materials. This information was created by Agency employees for Agency decision makers and the White House has not been shared outside the Executive Branch. Id. ¶ 18. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis. |

| 34. | Predecisional Materials. The Agency has not reached a final decision on any of the proposed strategies, policy proposals, or recommendations described in the withheld slides. Because the document and withheld material therein was generated prior to finalizing a decision on these strategies and potential future regulatory actions, the withheld information is pre-decisional. Id. ¶¶ 22, 25, 28, 31, 34-35, 37, 40, 43. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis. |
| --- | --- | --- |
| 35. | Deliberative Materials. The withheld information in this PowerPoint is deliberative because it reflects ongoing, internal discussions at the Agency about power sector pollution, including the Agency's then-current, and still-developing, internal group thinking about potential future regulatory strategies, rulemakings, and other associated strategic considerations for reducing power sector pollution. Id. ¶¶ 20, 23, 26, 29, 32, 35, 38, 41, 44. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis. |
| 36. | Many of the slides also contain internal Agency staff reflections and opinions concerning the efficacy of the proposed strategies. Id. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration |

|  |  | either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis. |
|---|---|---|
| 37. | These proposed potential strategies, ideas, opinions, and reflections contained in the PowerPoint were developed internally at the Agency by Agency staff and managers in OAR, among other Agency offices, for consideration by Agency decision-makers and were presented to the White House in this PowerPoint to provide the White House with an opportunity to share questions and comments on the Agency's potential regulatory strategies for the power sector. Id | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis. |
| 38. | Foreseeable Harm. Disclosure of the withheld information will result in foreseeable harm to the Agency's ability to openly discuss future policy and rulemaking. Plaintiff's requested disclosure will chill the free exchange of ideas between Agency employees and | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be |

11

| | | |
|---|---|---|
| | White House officials when identifying, analyzing, and discussing potential regulatory strategies for regulating power plants and environmental contaminants in the future. Id. ¶¶ 46-47. | outside the personal knowledge of the Declarant and/or based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff objects on that basis.<br><br>Further, objected to to the extent that this Statement reflects a judgment that there is foreseeable harm from release of the information at issue Defendant withholds, through heavy redactions of 8 pages of a PowerPoint presentation titled "Power Sector Strategy [on] Climate, Public Health [and] Environmental Justice," setting forth "proposed strategies" to impose that agenda (Defendant's Statements of Material Undisputed Facts, ECF No. 16-2, ¶¶ 24-32), through "regulating and reducing power sector pollution" (Shoaff Declaration, Exhibit A, p. 20). As the identity of the audience, the White House Climate Office, affirms, this is a February 4, 2021, presentation about using the Clean Air Act (slides 6 - 11) and other statutory authorities implemented by the Agency to impose a "climate" agenda, |

| | | |
|---|---|---|
| | | to restrict the use of certain fuels through air emission and solid waste regulatory regimes. However, there can be no foreseeable harm from release of this information in the current legal landscape. In *West Virginia v. Environmental Protection Agency,* 597 U.S. ___ (2022), decided June 30, 2022, the U.S. Supreme Court struck down the Agency's attempt to regulate greenhouse gases (GHGs), specifically carbon dioxide ($CO_2$), under the Clean Air Act's (CAA) Section 111, "to implement the needed shift in generation to cleaner sources" by using the CAA in a way that "would implement a sectorwide shift in electricity production from coal to natural gas and renewables." *Id*. This regulation, known as the "Clean Power Plan," was one of several Agency attempts in recent years to deploy CAA to restrict GHGs, particularly $CO_2$, by those described outcomes, none of which efforts passed judicial muster.[3] As the Court noted, in striking down EPA's effort to do so through §111, "Prior to the Clean Power Plan, EPA had used Section 111(d) only a handful of times since its enactment in 1970." *Id*. (EPA cites and redacts its discussion of using |

---

[3] See, "And this Court doubts that "Congress. . . intended to delegate . . . decision[s] of such economic and political significance," i.e., how much coal-based generation there should be over the coming decades, to any administrative agency." Slip. Op. at 5-6.

13

| | | | |
|---|---|---|---|
| | | | §111(d) to restrict GHGs on slide 8). Similarly, the other provisions and programs cited in the redacted slides/pages at issue — e.g., effluent Non-attainment provisions (slide 7), air toxics standards (e.g., MATS Rule)(slide 6) Regional Haze (a visibility program[4]) — also have never been discovered to provide EPA the authority to impose this agenda.<br><br>There can be no harm from releasing an agency's pre-*West Virginia* plans in a world that has been fundamentally changed by the Supreme Court's holding in *West Virginia*. |
| 39. | | Disclosure of the withheld information would create an understanding at the Agency that discussions surrounding the development of sensitive, controversial regulatory matters are not protected from release. This would chill the development of policy at the Agency by reducing the free exchange of ideas around potential weaknesses to suggested strategies for fear that these candid discussions will be used against the Agency in subsequent litigation. Id. | Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4). The cited Declaration either does not support this conclusion, or does not support it in an admissible form (because it appears to be outside the personal knowledge of the Declarant and/or is speculative and/or is based on hearsay not within a hearsay exemption and outside the scope of this Court's precedents permitting hearsay when such hearsay is based on the declarant's supervision of a search). Additionally, to the extent that this paragraph reflects a legal conclusion rather than a fact, Plaintiff |

---

[4] "The Regional Haze Rule calls for state and federal agencies to work together to improve visibility in 156 national parks and wilderness areas". https://www.epa.gov/visibility/regional-haze-program

| | | objects on that basis. |
|---|---|---|
| 40. | Disclosure of the withheld information will also result in foreseeable harm to the Agency's deliberative process by creating significant public confusion about whether the regulatory strategies and rulemakings discussed in the PowerPoint reflect the Agency's final policies and positions. Because the policy proposals in the withheld materials have not yet been the subject of final agency action, there is substantial potential for these propositions to be inaccurately construed by the public as future commitments, past actions, or provisions already in place. Id. ¶¶ 48-49. | Objected to for the same reasons as set forth in ¶ 39, above. |
| 41. | The confusion created by the release of these predecisional, deliberative documents would impair the Agency's ability to consult and collaborate with its senior leadership and the White House, thereby undermining the integrity of the rulemaking process. Id. | Objected to because this statement appears to be a legal conclusion or legal argument rather than a statement of material fact. Furthermore, it is objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4) because it is speculative, and speculation is not admissible. |
| 42. | Segregability, The Agency reviewed the withheld materials and determined that all segregable information has been released to Plaintiff. Id. ¶ 50. | Admitted that the agency made such a determination. Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4) insofar as the agency's determination and its accuracy is a legal conclusion and not a statement of material fact. |

Respectfully submitted this the 22nd day of March, 2023,

ENERGY POLICY ADVOCATES

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com