UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY POLICY ASSOCIATES,

              Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

              Defendant.

Civil Action No. 22-0298 (TJK)

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY
AS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Environmental Protection Agency (the "Agency" or "Defendant") respectfully files this memorandum in opposition to Plaintiff's motion for leave to file a surreply as to Defendant's Motion for Summary Judgment ("Plaintiff's Motion"). In sum, Plaintiff's Motion should be denied and this Court should disregard Plaintiff's surreply altogether. Plaintiff's motion cites no legal basis under which Plaintiff is entitled to have the last word in this case.

Rather, Plaintiff's surreply is yet another attempt by Plaintiff to address the issue of foreseeable harm. Plaintiff first failed to raise the issue of foreseeable harm in its opposition brief, and then tried to slip the issue into its arguments through substantive revisions to its response to Defendant's statement of material facts, under the guise of a "format" change, which was filed the day before Defendant's reply brief was due. Despite the last-minute—and arguably procedurally inappropriate—introduction of this issue, Defendant's reply brief responded to the new foreseeable harm arguments in Plaintiff's revised response to the statement of material facts and did not expand

the scope of this issue.  Thus, all briefing on this matter is closed and as the nonmovant, Plaintiff, does not get to have last word.

Nor, moreover, is Plaintiff entitled to have a second bite at the apple to correct its failure to address foreseeability in its opposition brief by using a surreply to repeat the same conclusory arguments advanced in its amended response to the statement of facts.  To the extent, however, that the Court considers Plaintiff's surreply, Defendant repeats its arguments contained in its reply brief as to why Plaintiff's reliance on *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), to challenge the issue of foreseeable harm in this case, has no merit.

## BACKGROUND

Defendant briefly summarizes the relevant procedural background of this case.  On December 18, 2022, this Court adopted the parties' proposed briefing schedule for filing cross-motions for summary judgment.  *See* Dec. 18, 2022 Min. Order.  Pursuant to this schedule, Defendant moved for summary judgment on January 27, 2023, *see* Def's Mot. for Summ. J., ECF No. 16, and on February 24, 2023, Plaintiff filed an opposition to Defendant's summary judgment motion, but did not cross-move for summary judgment.  *See* Pl.'s Resp. Br., ECF No. 17.  On March 22, 2023, two days before Defendant's reply was due, Plaintiff sought leave to file an amended response to Defendant's statement of material facts.  *See* Pl.'s Mot. to Am., ECF No. 18. In that motion, Plaintiff explained that the basis for filing the amended statement of material facts was to "comply with the formatting requirements of the [Court's] Standing Order," and that the amended filing "does not materially alter the posture of the case."  *Id.* ¶¶ 1, 3.  Based on these representations, on March 23, 2023, the Court granted Plaintiff leave to file its amended response to the statement of material facts and on the same day, this amended response was filed under a

separate docket entry.  *See* Mar. 23, 2023 Min. Order; Pl.'s Am. Resp. to SMF, ECF No. 20 (*see also* ECF No. 18-1).

Plaintiff's amended response to the statement of material facts, however, not only corrected the formatting of Plaintiff's response to the statement of material facts, but it also added new objections to paragraph 38 of Defendant's statement of material facts.  *See Compare* Pl.'s Original Resp. to SMF, ECF No. 17-1 ¶ 18 *with* Pl.'s Am. Resp. to SMF ¶ 38.  Specifically, Plaintiff advanced a new argument regarding the issue of foreseeable harm in this case that Plaintiff had never raised in its opposition brief in the first instance.  This new argument relied exclusively on the Supreme Court's 2022 decision in *West Virginia*.  *Compare* Pl.'s Am. Resp. to SMF ¶ 38 (citing to *West Virginia* as the basis to object to any showing of foreseeable harm) *with* Pl.'s Resp. Br. (not mentioning *West Virginia* once).

The next day, Defendant filed its reply in further support of Defendant's motion for summary judgment, in which it noted that Plaintiff had failed to meaningfully respond to Defendant's foreseeable harm argument in Plaintiff's responsive brief.  *See* Reply Br., ECF No. 19 at 9-10.  Defendant also acknowledged, however, that Plaintiff then tried to overcome this failure by advancing foreseeable harm objections in Plaintiff's amended response to the statement of material facts.  *See id.* at 10 n.4.  After addressing why argument contained in a response to a statement of fact, let alone an amended response, is improper, Defendant nonetheless responded in its reply brief to Plaintiff's new arguments regarding *West Virginia* on the merits.  *See id.*  With Defendant's reply filed, all dispositive briefing is now closed.  On April 10, 2023, however, Plaintiff filed a motion for leave to file a surreply to address, once again, the issue of foreseeable harm, which Plaintiff failed to address in the first instance in its opposition brief.  Defendant now respectfully submits the instant memorandum in opposition to Plaintiff's Motion.

**ARGUMENT**

Plaintiff's motion for leave to file a surreply should be denied because it fails to identify any legal basis under which Plaintiff is entitled to file a surreply. First, Plaintiff identifies no new argument that Defendant raised for the first time in its reply brief, which, in Plaintiff's view, warrants a response. Instead, Plaintiff's surreply simply repeats the same arguments that Plaintiff improperly asserted in its amended response to the statement of facts, to which Defendant has already responded.

Next, Plaintiff's reliance on recent Agency Congressional testimony to support its surreply request is inapposite. Plaintiff asserts that an Agency official, Joseph Goffman "addressed, at length, the Supreme Court's decision in *West Virginia*," which is "directly relevant to the Agency's claims of 'foreseeable harm' if more of its presentation . . . becomes public." Proposed Surreply, ECF No. 21-4 at 2. However, the hearing transcript speaks for itself and shows that Plaintiff's characterization of Mr. Goffman's testimony is incorrect. Mr. Goffman's testimony does not discuss or even mention the *West Virginia* decision, or any other matters at issue in this litigation.

Finally, even if the Court were to grant Plaintiff leave to file its proposed surreply, Plaintiff's argument must be rejected on the merits. Plaintiff assumes—incorrectly, and without evidence—that the withheld material in the PowerPoint relates to regulatory strategies abrogated by *West Virginia*, and that, because these strategies are no longer permitted after the decision, there can be no foreseeable harm from releasing the withheld material. Plaintiff's inaccurate and baseless speculation about the withheld material does not overcome the presumption of good faith afforded to the Agency's declarations in this case, or the presumption of legitimacy afforded to government, neither of which Plaintiff challenges. Nor does Plaintiff's speculation create any question of material fact that would overcome summary judgment.

## I.      PLAINTIFF IS NOT ENTITLED TO A SURREPLY

"'[S]urreplies are generally disfavored, and the determination as to whether to grant or deny leave is entrusted to the sound discretion of the district court.'" *Ekemezie v. CVS Rx Servs., Inc.*, No. CV 17-367 (TJK), 2019 WL 340711, at *1 (D.D.C. Jan. 25, 2019) (citing *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012)).  "'The standard for granting . . . leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.'"  *Id.* (citing *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 215 (D.D.C. 2014) (omission in original)).  But "[w]hen arguments raised for the first time in reply fall 'within the scope matters [the nonmovant] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'"  *Imapizza, LLC v. At Pizza Ltd.*, Civ. A. No. 07-2327 (TJK), 2018 WL 6619852, at *1 (D.D.C. July 26, 2018) (citing *Banner Health*, 905 F. Supp. 2d at 188)).  "In exercising its discretion, the court should [also] consider . . . whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted."  *Banner Health*, 905 F. Supp. 2d at 187 (citing *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011)).

Here, Plaintiff points to no specific assertion or argument raised for the first time in Defendant's reply motion that Plaintiff claims warrants leave to file a surreply.  Instead, Plaintiff's motion vaguely alleges that the Agency "made arguments for the first time in its Reply Brief," regarding the statement of material facts in this case and the issue of foreseeable harm.  *See* Pl.'s Mot. for Leave to File Surreply, ECF No. 21 at 1.  But Plaintiff's Motion itself identifies no such arguments, and the proposed surreply, too, only vaguely states that "the Agency made several

expansive assertions of deliberations related to claimed authorities both generally and even specifically rebuffed by the U.S. Supreme Court." Proposed Surreply at 2.

Indeed, contrary to Plaintiff's vague assertions, there are no new facts or arguments raised in Defendant's reply for Plaintiff to rebut. Defendant's reply brief responded to the arguments raised in Plaintiff's opposition, including a new substantive argument pertaining to *West Virginia* improperly advanced in Plaintiff's amended response to the statement of material facts. *See* Reply at 11 n.4. Moreover, Defendant's reply was responsive and confined to the specific arguments raised in Plaintiff's improper filing and did not further expand the scope of issues. *See id.* As nothing in Defendant's arguments fall outside the scope of matters that Plaintiff raised in its opposition brief and in its amended statement of facts, leave to file a surreply should not be granted. *See Imapizza*, 2018 WL 6619852, at *1. Simply put, Plaintiff does not get a second bite at the apple to add argument that it already had the opportunity to raise once, failed to do so, and then raised anyway under the guise of a formatting error.

Second, Plaintiff's reliance on recent Agency Congressional confirmation hearing testimony to support its request to file the surreply is inapposite. Plaintiff does not point to any statement in the Congressional testimony that relates to the deliberative record at issue. Rather, without support, Plaintiff claims that Principal Deputy Assistant Administrator Joseph Goffman "addressed, at length, the Supreme Court's decision in *West Virginia*[.]" Proposed Surreply, ECF No. 21-4 at 2. But Mr. Goffman never discussed the 2022 *West Virginia* Supreme Court decision, let alone referenced it. *See generally* Mar. 1, 2023 Tr., ECF No. 21-3. Likewise, the only mention of *West Virginia* is a statement from Senator Shelley Capito that repeats a quote that Mr. Goffman provided to the New York Times after the decision was entered. *See id.* at 8-9. Indeed, the mere

fact that one Senator mentioned *West Virginia* in a recent Congressional hearing does not mean that Plaintiff gets to address the same case in a surreply.  The two matters are completely unrelated.

For these reasons, Plaintiff's request for leave to file a surreply should be denied.

## II.    PLAINTIFF'S CONSLUORY AND SPECULATIVE SURREPLY DOES NOT CREATE ANY MATERIAL DISPUTE OF FACT TO OVERCOME SUMMARY JUDGMENT

But even if the Court were to allow Plaintiff leave to file its proposed surreply and were to consider that surreply on the merits, nothing in Plaintiff's surreply is sufficient to overcome summary judgment in this matter for two reasons.

First, Plaintiff appears to fundamentally misunderstand the holding in *West Virginia*, on which it solely relies, by suggesting that Supreme Court, in that case, struck down all the Agency's authority to regulate greenhouse gas emissions under Section 111(d) of Clean Air Act.  That is not correct.  The holding in that decision found that the Obama Administration's Clean Power Plan went beyond the Congressional authorization in Section 111 by regulating existing power plants based on a generation-shifting approach.  *West Virginia*, 142 S.Ct. at 2615-16.  The ruling, however, declined to address the Agency's ability to regulate emissions at existing power plants by emission reduction technologies or by other means within the authority granted under Section 111.  *Id.* (declining to rule on whether Section 111's statutory phrase "system of emission reduction" refers exclusively to measures that improve the pollution performance of individual sources).  Nor, moreover, did the ruling have any effect on the Agency's authority to act under other provisions of the Clean Air Act mandated by Congress.  *Id.*; *c.f. Massachusetts v. EPA*, 549 U.S. 497 (2007) (finding that the Agency's decision for not regulating carbon dioxide and other greenhouse gas emissions to be inadequate).  Thus, it is simply not the case that *West Virginia*

rendered moot all deliberative materials at issue in this case simply because those deliberative materials pre-date the holding in *West Virginia*.

Second, Plaintiff's argument that specific withholdings in this case advance an unconstitutional agenda are incorrect and unsupported by evidence.  As Defendant noted in its reply brief, the record in this case clearly supports a showing of foreseeable harm to protect from disclosure the deliberative materials at issue in this case.  Here, the Agency has put forward reasonably detailed and nonconclusory declarations to support its showing of foreseeable harm, which are entitled to a presumption of good faith that cannot be overcome by mere speculation. *See* Reply Br. at 11 (citing *SafeCard Servs, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)); *see also Welsh v. Dep't of State*, Civ. A. No. 21-1380 (TJK), 2023 WL 2424606, at *5 (D.D.C. Mar. 8, 2023) (non-movant must provide evidentiary support to rebut agency declaration).  Indeed, Plaintiff does not challenge the Agency's declarations themselves, and therefore concedes that they are sufficient.  Instead, Plaintiff's points to speculative and conclusory allegations of impropriety that cannot overcome the presumption of good faith, nor overcome the presumption of legitimacy, which is also afforded to government and well recognized by the courts. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (reaffirming the presumption of legitimacy, which cannot be displaced absent clear evidence to the contrary); *United States v. Armstrong*, 517 U.S. 456, 464, (1996) ("'[I]n the absence of clear evidence to the contrary, courts presume that [Government agents] have properly discharged their official duties'"); *United States v. Chem. Found., Inc.*, 272 U.S. 1, (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties").

Specifically, for example, Plaintiff points to material withheld under the slide header on page 8 that references Section 111(d) of the Clean Air Act to suggest that the Agency is withholding material that advances an agenda that *West Virginia* rendered moot.  *See* Proposed Surreply at 2.  Likewise, Plaintiff also concludes, without support, that all deliberative material under other slide headers such as "air toxic standards" and "regional haze" must also be disclosed because Plaintiff assumes that they refer to Agency agendas that Plaintiff claims the Agency has no authority to impose.  *Id.*  But, as just discussed above, the decision in *West Virginia* did not bar the Agency from continuing to regulate under Section 111(d) of the Clean Air Act as it has for decades, let alone bar the Agency from developing policies and regulations to advance its other Congressional mandates.  *W. Va.*, 142 S.Ct. at 2615.  Moreover, compared to Plaintiff's speculative allegations, the Agency's declarations established that the information withheld on the eight PowerPoint slides at issue in this case contain "proposed strategies" for policy and regulatory actions that are still under consideration by the Agency, the disclosure of which would foreseeably lead to significant public confusion about the finality of the Agency's regulatory strategies and rulemaking, at a risk of misconstruction, criticism, public scrutiny, or even premature legal recourse.  *See* Def.'s Opening Br., ECF No. 16-1 at 26-27; Reply Br. at 11.  This in turn, would chill future deliberations on the same matters out of risk that such communications might cause harm to the agency if disclosed.  *See id.*

Thus, against the clear record in this case, Plaintiff's speculative and conclusory allegations simply fail to create any dispute of fact necessary to overcome summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[A] party opposing a properly supported motion for summary judgment 'may not rest upon . . . mere allegations . . . but must set forth specific facts

showing that there is a genuine issue for trial.") (internal quotations removed).  Plaintiff's surreply, therefore, is without merit.

## CONCLUSION

Thus, for the foregoing reasons, Plaintiff's motion for leave to file a surreply should be denied and this Court should disregard Plaintiff's surreply altogether; but even if the Court were to grant Plaintiff leave to file its surreply, Plaintiff's surreply is purely speculative and without merit and cannot overcome summary judgment.

Date: April 24, 2023                              Respectfully submitted,

                                                  MATTHEW M. GRAVES, D.C. Bar. #481052
                                                  United States Attorney

                                                  BRIAN P. HUDAK
                                                  Chief, Civil Division

                                        By:       /s/ Anna D. Walker
                                                  ANNA D. WALKER
                                                  Assistant United States Attorney
                                                  601 D Street, N.W.
                                                  Washington, District of Columbia 20530
                                                  Telephone: (202) 252-2544
                                                  anna.walker@usdoj.gov

                                                  *Counsel for the United States of America*