IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Civil Action No. 22-0298 (TJK) |
| ) | |
| UNITED STATES ENVIRONMENTAL   ) | |
| PROTECTION AGENCY,   ) | |
| ) | |
| Defendant.   ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF**
**MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF**

NOW COMES Energy Policy Advocates, and submits the following Sur-Reply Brief in Opposition to the Motion for Summary Judgment filed by the U.S. Environmental Protection Agency ("US EPA"). In further support of its Motion, Energy Policy Advocates states as follows:

1. It appears that Defendant has responded both to Plaintiff's procedural motion (requesting leave to file a brief) and to its underlying brief. This approach has muddied the waters, and Plaintiff to the extent practicable cabins this reply to the procedural motion, only.

2. As an initial matter, Defendant's brief has the character of swinging a torch in a field of straw men, igniting serial misrepresentations of Plaintiff's argument — which is that *West Virginia v. EPA* clearly forbids using, e.g., a "regional haze" visibility program, Clean Water Act "effluent limitations," or Office of Solid Waste coal-residuals regulations to achieve Air Office and White House Climate Office "climate" goals. This is inarguable, and so Defendant heatedly dismisses a claim not made, that *West Virginia* now precludes regulation under those programs, *per se*. But the Acting Air Office chief, in charge of the Agency's "climate" agenda, presenting to the White House Climate

1

    Office on a plan to deploy those provisions, is a "tell" for the ages as to what the slides reflect beneath the redactions, which are not proper.

3. Defendant appears to argue that Plaintiff sought to amend the briefing in this case to address (the lack of) foreseeable harm from disclosure of withheld information, and that Plaintiff's amendments and eventual sur-reply are thinly disguised attempts to insert a new issue into this case. But Defendant is wrong for two reasons: First, because Defendant fails to acknowledge that Plaintiff could not have made its arguments, or at least could not have made them other than purely speculatively, prior to March 1, 2023. Second, Defendant neglects to address that foreseeability of harm is not new to the case but is a statutory element of the government's burden of proof, and that Defendant must prove harm will result from disclosure regardless of what arguments Plaintiff itself raises.

4. With respect to timing, US EPA faults Plaintiff for only becoming aware of testimony in a Senate Hearing after that hearing was held. US EPA makes much of the fact that a Senator rather than an Administration official initially raised the issue of *West Virginia v. EPA* at the hearing on March 1, 2023, which limitation on US EPA's "law whispering"[1] the Agency (in the form of the PowerPoint's author Mr. Goffman) then addressed. Of course, *West Virginia* imposes a formidable new constraint on US EPA's Air Office, and overturned a rule that very official was responsible for crafting in his previous service at US EPA. It also should hardly be surprising that Plaintiff did not mention a March 1, 2023, Senate Hearing in its February 24, 2023, opposition brief. ECF No. 17. Plaintiff is entitled to address that claim in the days after it was made, rather than be held to a

---

[1] Sean Reilly, " Meet the man tasked with carrying out Biden's air agenda," May 10, 2010, E&E News, https://www.eenews.net/articles/meet-the-man-tasked-with-carrying-out-bidens-air-agenda/.

"crystal ball" standard to predict arguments the government had not yet made at the time Plaintiff's original opposition was filed.

5. With respect to the burden of proof, US EPA also misses the mark. Binding caselaw indicates that even in a case where Plaintiff has filed its own motion, the "burden does not shift" to Plaintiff at any stage on any issue. *De Sousa v. CIA*, 239 F. Supp. 3d 179, 188 (D.D.C. 2017). This holds even more true in a case such as this one, in which the Plaintiff has not filed a motion of its own and is simply opposing the government's motion. Even accepting, *arguendo*, the false premise that Plaintiff had failed to address the foreseeability of harm to US EPA from disclosure, it is nevertheless US EPA's burden to do so regardless of what arguments Plaintiff may have raised. "Congress added the distinct foreseeable harm requirement to foreclose the withholding of material unless the agency can articulate both the nature of the harm [from release] and the link between the specified harm and specific information contained in the material withheld." *Reporters Comm. for Freedom of the Press v. FBI*, 453 U.S. App. D.C. 50, 69, 3 F.4th 350, 369 (2021) (internal quotation omitted). In such cases, the agency must prove that disclosure "would chill full and frank discussions between agency personnel and decision makers regarding a decision." *Id.*, 453 U.S. App. D.C. at 70, 3 F.4th at 370. In this case, any purported chilling effect on agency decisions came from the U.S. Supreme Court, which stated plainly that US EPA has no authority to regulate as the PowerPoint shows it intended — which has been characterized as "teaching old laws new tricks." Plaintiff respectfully submits that, most particularly in the wake of the directly relevant *West Virginia* case, disclosure of EPA's innovative searches for a loophole are not themselves harmful, and that to the extent US EPA seeks to characterize the very few pages at issue

in this case or argue Plaintiff is speculating as to their content, US EPA only heightens the need for *in camera* review.

WHEREFORE, Plaintiff respectfully submits that this Court should grant it leave to file its sur-reply brief, which is already before the Court at ECF No. 21-4 and to which EPA has already substantively responded at ECF No. 22.

Respectfully submitted this the 28th day of April, 2023,

ENERGY POLICY ADVOCATES

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com